UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KENNETH HARBISON,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>　　　　　　　　　Defendant. | Case No. 3:13-cv-05880-KLS<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of defendant's denial of her applications for disability insurance benefits and supplemental security income ("SSI") benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, defendant's decision to deny benefits should be REVERSED.

## FACTUAL AND PROCEDURAL HISTORY

On May 14, 2010, plaintiff protectively filed an application for disability insurance benefits and supplemental security benefit ("SSI"), alleging disability as of August 15, 2004, due to back pain, asthma, and depression. See Administrative Record ("AR") 11, 149-63, 186. Both applications were denied upon initial administrative review and on reconsideration. See AR 75-90, 93-104. A hearing was held before an administrative law judge ("ALJ") on June 6, 2012, at

ORDER - 1

which plaintiff, represented by counsel, appeared and testified, as did vocational expert, Patricia Ayerza. See AR 29-52.

On June 22, 2012, the ALJ issued a decision in which plaintiff was determined to be not disabled. See AR 8-28.  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on August 8, 2013, making the ALJ's decision defendant's final decision. See AR 1-6; see also 20 C.F.R. § 404.981, § 416.1481. On October 10, 2013, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision. See Dkt. #3.  The administrative record was filed with the Court on January 30, 2014. See Dkt. #13.  The parties have completed their briefing, and thus this matter is now ripe for judicial review and a decision by the Court.

Plaintiff argues the ALJ's decision should be reversed and remanded to defendant for payment of benefits, or, in the alternative, for further proceedings, because the ALJ erred in evaluating the medical evidence in the record.  The Court agrees the ALJ erred in determining plaintiff to be not disabled, but, for the reasons set forth below, finds that while defendant's decision should be reversed, this matter should be remanded for further administrative proceedings.

DISCUSSION

The determination of the Commissioner of Social Security (the "Commissioner") that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will,

ORDER - 2

nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

I.  The ALJ's Evaluation of the Medical Evidence in the Record

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

ORDER - 3

resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v. Commissioner of the Social Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. The ALJ also may draw inferences "logically flowing from the evidence." Sample, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981); Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of

ORDER - 4

those who do not treat the claimant.  See Lester, 81 F.3d at 830.  On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole."  Batson v. Commissioner of Social Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); see also Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).  An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician."  Lester, 81 F.3d at 830-31.  A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record."  Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

      A.   Shane Dunaway, M.D. – Treating Physician

Dr. Shane Dunaway, plaintiff's treating physician, completed a functional assessment for the Washington State Department of Social and Health Services in March of 2011.  AR 621-26.  Dr. Dunaway opined plaintiff could stand for thirty minutes in an eight hour work day, sit for two hours in an eight hour work day, and lift ten pounds occasionally and frequently.  AR 621.  He also opined plaintiff was limited to sedentary work, which was defined as work requiring "the ability to lift 10 pounds maximum and frequently lift and/or carry such articles as files and small tools."  AR 625.  The form went on to define that sedentary work, "may require sitting, walking and standing for brief periods."  Id.

The ALJ gave Dr. Dunaway's opinion limited weight finding the opinion inconsistent with examination findings and evaluations from the record.  AR 18.  However, the ALJ did give weight to the opinion limiting plaintiff to sedentary work, finding it consistent with plaintiff's complaints and the objective medical findings.  Id.  Plaintiff argues these reasons were not legally sufficient to discredit Dr. Dunaway's opinion.  See Dkt. 16, pp. 5-7.  This Court agrees.

ORDER - 5

In finding the opinion inconsistent with examination findings, the ALJ cited to exhibit 22F as a whole.  AR 18 (citing AR 627-705).  Exhibit 22F contains records from The Vancouver Clinic covering the timeframe of February 17, 2010 to March 22, 2011 and consists of seventy-nine pages.  AR 627-705.  The ALJ provided no specific citation to what part of 22F he found to be inconsistent with Dr. Dunaway's opinion.  AR 18.  As pointed out by defendant, the ALJ did discuss this exhibit earlier in the decision.  AR 17; Dkt. No. 17, p. 5.  However, the only part of the exhibit discussed by the ALJ that would be relevant to Dr. Dunaway's opinion and plaintiff's physical impairments was a note regarding a musculoskeletal examination which found plaintiff to have good strength and tone in his extremities.  AR 17 (citing AR 651).  It is not clear to this Court that that finding would be inconsistent with Dr. Dunaway's opinion, especially when this note was written during an office visit to treat plaintiff's bronchitis.  Id.  Regardless, that note alone is not is not sufficient evidence to discredit the opinion.

The ALJ further noted that the records in exhibit 22F did not show complaints of back or foot pain.  AR 17.  The records in exhibit 22F primarily showed treatment for plaintiff's non back related impairments including polycythemia, bronchitis, and sinus congestions, so it is not unexpected that the records would lack reference to plaintiff's other impairments.  AR 629, 637, 643, 648, 651.  Further, the records actually do show plaintiff complained of back problems and the exhibit included an MRI of plaintiff's lumbar spine showing moderate foraminal narrowing AR 646, 652.  The ALJ's finding that the exhibit lacked complaints of back and foot pain was not a legally sufficient reason to discredit the opinion.

The defendant points out that the ALJ discussed plaintiff's work after disability onset date and his daily activities and argued that these were further reasons to discredit Dr. Dunaway's opinion.  Dkt. #17, p. 6.  However, these issues were discussed in evaluating

ORDER - 6

plaintiff's credibility and were not stated by the ALJ as reason to discredit the opinion. AR 17-18. Thus, it would be improper to affirm the ALJ's decision based on post-hoc rationalization. See Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001) (court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision"); see also Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (error to affirm ALJ's decision based on evidence ALJ did not discuss).

The ALJ erred in failing to provide legally sufficient reasons to discredit the opinion of Dr. Dunaway. The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The court noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." Id. The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" Id. (quoting Carmickle v. Comm'r Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" Id. at 1118 (quoting Shinsheki v. Sanders, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)). Dr. Dunaway opined limitations that would prevent plaintiff from performing work on a regular and continuous basis. See AR 621; See SSR 96-8p, 1996 WL 374184. As such, had the opinion been given weight, the disability determination would have changed, thus the ALJ's error was not harmless.

B. Donna J. Johns, Psy.D. – Examining Physician

ORDER - 7

Dr. Johns evaluated plaintiff on February 26, 2009, at the request of the Administration. AR 415-18. Dr. Johns diagnosed plaintiff with Major Depressive Disorder and Antisocial Personality Disorder and measured his GAF score at 55. AR 418. Dr. Johns further stated that "[w]hile Mr. Harbison is capable of reasoning, it is not likely he will be able to engage in sustained work related activities as a result of his reduced social skills when he is irritated by others and his resulting anger responses, both of which are frequent occurrences." Id.

The ALJ gave this opinion little weight finding it inconsistent with plaintiff's presentation at the hearing and also noted that while plaintiff "has received minimal mental health treatment, the records that are available fail to establish the severe social deficits that would be expected, based on Dr. Johns's evaluation." AR 19. Plaintiff argues the ALJ failed to give legally sufficient reasons to discredit Dr. Johns' opinion. See Dkt. 16, pp. 7-8. Again, this Court agrees.

The Ninth Circuit held in Perminter v. Heckler, 765 F.2d 870 (9th Cir. 1985), that the ALJ's reliance in that case on his own "personal observations of [the claimant] at the hearing ha[d] been condemned as 'sit and squirm' jurisprudence." Id. at 872 (quoting Freeman v. Schweiker, 681 F.2d 727, 731 (11th Cir. 1982)). It held that an ALJ's "*denial of benefits* cannot be based" on such observations, when the claimant's own "statements to the contrary" were "supported by objective evidence." Id. (emphasis added). The ALJ's social functioning deficits are supported by Dr. Johns's clinical observations and the mental status examination. AR 416-18. The limitations are further supported by the non-examining physicians who reviewed the record and opined plaintiff to have moderate limitations in social functioning and limited plaintiff to work with only "casual and intermittent contact" with other people due to his irritability. AR 422, 433, 570. It was improper for the ALJ to substitute his judgment for that of

ORDER - 8

a medical professional, especially when he only interacted with plaintiff on one occasion at plaintiff's hearing which lasted a mere thirty-three minutes and was conducted over video teleconference.  AR 31, 52.

While the ALJ mentions plaintiff's limited mental health treatment, it is not clear whether he was asserting this as a reason to discredit Dr. Johns's opinion.  AR 19.  Regardless, even if the ALJ was discrediting the opinion for this reason, it would be improper.  According to the Ninth Circuit, "the fact that claimant may be one of millions of people who did not seek treatment for a mental disorder until late in the day is not a substantial basis on which to conclude that [a physician's] assessment of claimant's condition is inaccurate." Van Nguyen v. Chater, 100 F.3d 1462, 1465 (9th Cir. 1996). The court noted that "it is common knowledge that depression is one of the most underreported illnesses in the country because those afflicted often do not recognize that their condition reflects a potentially serious mental illness." Id. (citation omitted); see also Blankenship v. Bowen, 874 F.2d 1116, 1124 (6th Cir. 1989)).  Further, the ALJ "must not draw any inferences" about a claimant's symptoms and their functional effects from a failure to seek treatment, "without first considering any explanations" that the claimant "may provide, or other information in the case record, that may explain" that failure. SSR 96-7p, 1996 WL 374186 *7.  Here, the ALJ failed to question plaintiff about this lack of treatment, or address the reason for a lack of treatment in the decision.  Thus, any implication that Dr. Johns's opinion should be discredited due to plaintiff's limited mental health treatment was improper.

The ALJ also discredited Dr. Johns's opinion finding it not supported by the evidence of record.  AR 19.  However, it is insufficient for an ALJ to reject the opinion of a treating or examining physician by merely stating, without more, that there is a lack of objective medical findings in the record to support that opinion. See Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir.

ORDER - 9

1988). Further, as stated above, Dr. Johns performed a mental status examination, upon which he based his opinion, and the state non-examining physicians also found plaintiff to have significant social functioning deficits. AR 416-18, 422, 433, 570. Also, the ALJ noted earlier in his decision that plaintiff testified to being easily irritated. AR 17. Finding the opinion unsupported by the record was not a legally sufficient reason to discredit the opinion.

The ALJ failed to provide specific and legitimate reasons to discredit Dr. Johns's opinion. Further, Dr. Johns's opinion included social functioning limitations that were not included in the residual functional capacity finding or posed as hypothetical questions to the vocational expert. Thus, had the opinion been given weight, the disability determination may very well change. As such, the error was not harmless. See Molina, 674 F.3d 1104, 1115.

C. Leslie Postovoit, Ph.D. & Kristine Harrison, Psy.D. – Non-Examining Physicians

Drs. Postovoit and Harrison, state agency medical consultants, reviewed the medical evidence in the record and rendered medical opinions regarding plaintiff's mental impairments. AR 419-36, 557-73. Dr. Postovoit opined, and Dr. Harrison concurred, that plaintiff's mental impairments would mildly restrict his activities of daily living and cause mild difficulty in maintaining concentration, persistence, and pace. AR 433, 570. The doctors also agreed that plaintiff's impairments would cause moderate difficulties in maintaining social functioning. Id.

The ALJ evaluated these opinions finding that they "outlined fewer restrictions that [sic] those set forth in this decision." AR 19. The ALJ also noted that he gave "greater weight to more recent medical records and evaluations, in concluding that the claimant has the capacity to perform sedentary work that involve [sic] simple tasks." Id. Plaintiff argues that the ALJ erred in failing to properly account for the opined moderate social functioning limitations in the residual functional capacity or articulate a reason to discredit that opinion. Dkt. #16, pp. 8-11.

ORDER - 10

This Court agrees.

According to Social Security Ruling 96-6p, state agency medical consultants, while not examining doctors, "are highly qualified physicians and psychologists who are experts in the evaluation of the medical issues in disability claims under the Act." SSR 96-6p, 1996 LEXIS 3 at *4. Therefore, regarding state agency medical consultants, the ALJ is "required to consider as opinion evidence" their findings, and also is "required to explain in his decision the weight given to such opinions." Sawyer v. Astrue, 303 Fed. Appx. 453, *455, 2008 U.S. App. LEXIS 27247 at **2-**3 (9th Cir. 2008) (*citing* 20 C.F.R. § 416.927(f)(2)(i)-(ii); SSR 96-6p, 1996 SSR LEXIS 3, *5) (memorandum opinion) (unpublished opinion). According to Social Security Ruling (hereinafter "SSR") 96-6p, "[a]dministrative law judges . . . . may not ignore the[] opinions [of state agency medical and psychological consultants] and must explain the weight given to the opinions in their decisions." SSR 96-6p, 1996 SSR LEXIS 3, 1996 WL 374180 at *2. This ruling also provides that "the administrative law judge or Appeals Council must consider and evaluate any assessment of the individual's RFC by State agency medical or psychological consultants," and said assessments "are to be considered and addressed in the decision." Id. at *10.

While the ALJ noted that he reviewed the state agency medical consultant opinions, he did not directly address Drs. Postovoit's and Harrison's opined social functioning limitations. AR 15, 19.  Further, the ALJ failed to include any social functioning limitations in the residual functional capacity finding and found plaintiff to have only mild social functioning limitations at step three of the sequential evaluation.  AR 15-16.  By failing to incorporate Dr. Postovoit and Dr. Harrison's opined moderate limitation, the ALJ implicitly rejected this opinion.

Defendant argues the ALJ did provide reason to discredit the opinion when the ALJ stated that he was relying more heavily on more recent evidence. Dkt. #17, pp. 8-9.  Even if this

ORDER - 11

argument were accepted, the ALJ did not point to which recent evidence he was relying on. AR 19. A review of the record shows only two psychological evaluations, both of which were part of the record prior to Dr. Harrison's opinion being rendered. AR 415-18, 550-556, 559. It is not clear to this Court what more recent records the ALJ was relying on in finding plaintiff to have less restrictive social functioning limitations.

The ALJ erred in failing to articulate a reason to discredit the state reviewing medical consultant opinions regarding plaintiff's social functioning limitations. Had this opinion been credited, the ultimate disability determination may have changed. As such, the ALJ's error was not harmless. See Molina, 674 F.3d 1104, 1115.

II.     This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." Smolen, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the

ORDER - 12

record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

Based on a review of the record, it is not clear to this Court that the ALJ would be required to accept all of the opined limitations from the improperly evaluated evidence; therefore further administrative proceedings are needed to address these issues.

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ improperly concluded plaintiff was not disabled. Accordingly, defendant's decision is REVERSED and this matter is REMANDED for further administrative proceedings in accordance with the findings contained herein.

DATED this 5th day of August, 2014.

Karen L. Strombom
United States Magistrate Judge

ORDER - 13